# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

PATRICIA L. WIESZCIECINSKI,

     *Plaintiff*,

CASE NO. 14-CV-12728

DISTRICT JUDGE THOMAS L. LUDINGTON

*v.*

MAGISTRATE JUDGE PATRICIA T. MORRIS

DAVE LaBRENZ and
KAY COOPER,

     *Defendants*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED** because Plaintiff has failed to state a claim upon which relief can be granted.

## II.    REPORT

### A.    Introduction

On July 11, 2014, Plaintiff Patricia Wieszciecinski filed this *pro se* action alleging a

"wrongful eviction (1) loss of all real property" claim based on the following allegations:

> His tenant in #8 is making it hard to live there. She is older and on SSI sheltering (3)
> homeless adults (1) with child. The husband has flattened (2) of my tires and Kay
> broke (3) screens. Also sold me a TV $50.00 that belongs to Dave LaBrenz stoled
> my grill Noisy and filthy drugs involved.

(Doc. 1 at 3.) Plaintiff also asks, "Get me a safe place far away from Mr. LaBrenz." (Doc. 1 at 2.)

Plaintiff's complaint alleges this Court's jurisdiction based on the U.S. Government's participation as a Plaintiff, cites "Disability Acts" as the civil statute under which she is filing, checks the box for a class action, and indicates that Plaintiff and Defendants are citizens of this State, i.e., Michigan. (Doc. 1 at 6.)

Plaintiff's application to proceed without prepayment of fees was granted on July 25, 2014, (Doc. 5), pursuant to the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(a)(1), and the case was referred to the undersigned magistrate judge for pretrial proceedings on July 23, 2014. (Doc. 4.) Despite the Court's order that IFP status would be granted but that service of process would not be ordered until after screening has been completed, (Doc. 5), summonses were issued and Defendants were served. (Docs. 7, 8, 9, 10.) Defendant LaBrenz filed a response to the complaint on August 12, 2014. (Doc. 12.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

**B.    Screening Procedure and Standards**

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two ways this Court can obtain jurisdiction over such a case; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

C.    **Analysis & Conclusion**

3

Plaintiff's purported basis for this court's jurisdiction is that the U.S. Government is a Plaintiff; however, the United States is not a party to this action. Plaintiff's complaint could not allege diversity of citizenship under §1332 because both Plaintiff and Defendants are citizens of Michigan. Finally, Plaintiff does not allege any federal question jurisdiction under 28 U.S.C. §1331 because Plaintiff complains about landlord/tenant issues rather than any claim arising under any federal law. These landlord/tenant issues do not state a federal question. *See, Elliott v. Plaza Properties, Inc.*, No. 2:08cv1037, 2010 WL 2541020, at *5-6 (S.D. Ohio June 18, 2010) (noting that even where a Section 8 landlord evicts a tenant, he or she is not acting as a federal actor and there is no jurisdiction to review the propriety of the landlord's actions).

Accordingly, the complaint fails to state a basis for this court's exercise of subject matter jurisdiction and should be dismissed. Fed. R. Civ. P. 12(h)(3).

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.

4

*Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 15, 2014                     /S PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date using the Court's CM/ECF system.  A hard copy was served by first class mail on Patricia Wieszciecinski, 210 W. North Union, Apt. 7, Bay City, MI, 48706; and on Dave LaBrenz at Dave LaBrenz Rentals, P.O. Box 322, Linwood, MI, 48634.

Date:  August 15, 2014                     By    s/Jean L. Broucek
                                           Case Manager to Magistrate Judge Morris